UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-627-RJC

| | |
|---|---|
| CALVIN LATIMER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Complaint, (Doc. No. 1). He has filed an Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2). A number of *pro se* Motions are pending, including a Motion seeking this Court's recusal. See (Doc. Nos. 4, 5, 6, 9, 12, 14, 16).

In this matter, Plaintiff alleges that the Social Security Administration is improperly collecting an overpayment of benefits.[1]

Proper venue for challenging a final decision of the Commissioner of Social Security is by way of a "civil action … in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business…." 42 U.S.C. § 405(g). When a plaintiff files a case laying venue in the wrong division or district, the district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer for lack of venue can be considered *sua sponte*. See Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir. 1986).

The Court issued an Order on November 20, 2020 informing Plaintiff that it appears that

---

[1] It is unclear whether Plaintiff exhausted his administrative remedies with regards to the overpayment determination and, if so, whether this action is timely.

1

venue lies in the Middle District of Florida where Plaintiff resides. (Doc. No. 3). The Court gave Plaintiff the opportunity to object to the transfer. (Id.).

Plaintiff filed a Response stating that this matter "started in Charlotte." (Doc. No. 7 at 1). He also appears to refer to a 2012 lawsuit in this Court in which he attempted to state a claim against the Social Security Administration, case number 3:12-cv-406-MOC-DSC. (Id.); see (Doc. No. 8) (referring to the 2012 case). That Plaintiff may have previously filed a social security claim or lawsuit in this district addressing social security benefits is not controlling. See Collins v. Colvin, 2013 WL 6410706 (M.D.N.C. Dec. 9, 2013) (transferring a civil action pursuant to § 405(g) because plaintiff's residence in the district when she filed the her original disability claim and a prior action in the court were not controlling; it is her residence at the time she filed the civil action that controls). Plaintiff presently resides in Florida and this action was required to be brought in the Middle District of Florida pursuant to § 405(g).

Because this action could have been, and should have been brought originally in the Middle District of Florida, this action will be transferred there pursuant to § 1406(a).

Plaintiff's Motions seeking this Court's recusal, (Doc. No. 14), is denied as moot.[2]

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the United States District Court for the Middle District of Florida.

2. Plaintiff's Motion for Recusal, (Doc. No. 14), is **DENIED** as moot.

---

[2] The Motion is also insufficient to support such relief.

Signed: January 14, 2021

Robert J. Conrad, Jr.
United States District Judge